# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JERRY WELLS, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:05-CV-1865-RDP |
| } | |
| WACKENHUT CORPORATION; } | |
| GOODYEAR TIRE AND RUBBER } | |
| COMPANY, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

### I.   Introduction

This case is before the court on Defendant Wackenhut Corporation's ("Wackenhut") Motion to Remand Worker's Compensation Case (Doc. #6) filed September 15, 2005, and Plaintiff's Motion to Remand (Doc. #8) filed on September 28, 2005. Defendant Goodyear Tire and Rubber Company ("Goodyear") filed its response to Plaintiff's Motion to Remand (Doc. #9) on October 3, 2005. As discussed during the court's conference call with the parties on September 23, 2005, no dispute exists over whether Plaintiff's worker's compensation claim against Wackenhut should be remanded and that motion is due to be granted. Rather, the question the court must answer is whether Plaintiff's negligence claim against Goodyear is removable to this court on the basis of diversity jurisdiction. As discussed more fully below, the court concludes that it does not have diversity jurisdiction over Plaintiff's claim against Goodyear, and accordingly, this entire case is due to be remanded to the Circuit Court of Etowah County.

### II.   Background

Plaintiff initiated this lawsuit in the Circuit Court on Etowah County against Wackenhut on

April 2, 2004. (Doc. #1 ¶ 2). Subsequently on June 15, 2005, Plaintiff amended his case to include a negligence count against Goodyear. (Doc. #1 at Ex. 1). On August 15, 2005, Wackenhut Corporation filed a motion with the trial court requesting that the claims against each defendant be severed for trial purposes. Judge Rhea granted Wackenhut's motion on August 16, 2005, and ordered separate trials for Plaintiff's original complaint and amended complaint. (Doc. #1 at Ex. 1). On September 1, 2005, Goodyear filed its removal petition in this court. Thereafter, Wackenhut specially joined in the removal. (Doc. #2).

### III.   Analysis

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Relying upon the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), Goodyear maintains that Plaintiff's claim against it is removable on the basis of a third category of fraudulent joinder:

> [W]here a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott*, 77 F.3d at 1360). "A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. The New York Times Co.*, 308 F.2d 474, 478, (5th Cir. 1962) (citations omitted). "The burden of the removing party is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

As set forth in the *Triggs* opinion, this third situation of fraudulent joinder turns upon an

analysis of the parameters of permissive joinder under Rule 20.[1] Rule 20 of the Federal Rules of Civil Procedure states:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
>
> (b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

Accordingly, Rule 20(a) is in the disjunctive rather than the conjunctive such that a plaintiff may join multiple defendants in a case asserting joint, several or alternative liability and which arises out of the same facts and circumstances and shares any common questions of law or fact. Moreover, Rule 20(b) allows for separate trials (as opposed to separate cases) to prevent delay or prejudice in connection with permissively joined claims.

A review of the record from the Etowah County Circuit Court makes clear that Wackenhut filed a motion requesting that Plaintiff's claims against it be severed from his claims against Goodyear for trial purposes, and the trial court granted that motion. (Doc. #1 at Ex. 1). Similarly, the cover sheet to Wackenhut's motion marks the box labeled "Sever" and adds, by way of

---

[1] The permissive joinder rule applicable in Alabama state court is not materially different from that which applies in this court.

clarification, "** (Defendant's Motion to Sever for Separate Trials)." While Wackenhut's motion and cover sheet do not reference a specific rule of civil procedure, as set forth above, a motion seeking separate trials must be made under Rule 20(b).

Moreover, nowhere in its motion did Wackenhut contend that an improper misjoinder had occurred or that permissive joinder was inappropriate such that Plaintiff should proceed against it in an entirely separate lawsuit as contemplated by Alabama Rule of Civil Procedure 21.[2] Rule 21 of the Federal Rules of Civil Procedure provides:[3]

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Therefore, while Goodyear maintains in its Notice of Removal that Judge Rhea granted a severance pursuant to Rule 21 (Doc. #1 ¶¶ 2, 7), the underlying state court documents do not support this position. The exact language of Judge Rhea's order is:

> This cause came before this Court on the Motion of the Defendant, Wackenhut Corporation, to the original Complaint filed in this matter from the Amended Complaint filed in this matter for the purpose of separate trials. The Court being of the opinion that said Motion is due to be granted, it is therefore, ORDERED, ADJUDGED and DECREED that the Original Complaint in this matter is severed f[ro]m the Amended Complaint for the purposes of trial.

(Doc. #1 at Ex. 1). The court's reading of the state court record is further bolstered by the fact that no independent case number was assigned to Plaintiff's claims against Goodyear after the order granting the motion to sever for trial purposes was entered – indeed, the previously assigned state

---

[2]The court also notes that the partial state court record attached to Goodyear's Notice of Removal does not reflect that Wackenhut or Goodyear ever challenged the viability of Plaintiff's amended complaint with respect to misjoinder in either a responsive pleading or other filing.

[3]Rule 21 of the Alabama Rules of Civil Procedure is identical to the federal rule.

4

court case number, CV 04-372WHR, remained applicable to the claims asserted by Plaintiff against both defendants in the state court. The motion to sever the cases for purposes of trial did nothing to change that. "Where a claim of fraudulent joinder is asserted[,] [f]ederal courts may pierce the pleadings and consider the entire record, determining the question by any means available." *Williams v. Atlantic Coast Line Railroad Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968) (citing *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964); *Smoot v. Chicago Rock Island and Pacific Railroad Co.*, 378 F.2d 879 (10th Cir. 1967)).

Furthermore, contrary to Goodyear's contention, the court does not read *Ex parte Jackson*, 485 So. 2d 1116 (Ala. 1986), so expansively as to hold that a worker's compensation claim is never properly joined with a negligence action under Alabama law. First, as pointed out by Chief Justice Torbert, who concurred in the result, resolution of the venue issue did not turn upon the joinder/misjoinder of claims, but rather upon the presence of an intentional infliction of emotional distress claim, which the plaintiff had asserted against all the defendants. *See Jackson*, 485 So. 2d at 1118 ("A determination that the workmen's compensation claim and the negligence action were not properly joined does not settle the issue of venue[.]").

Second, rather than broadly setting forth a blanket rule with respect to joinder of claims, the Alabama Supreme Court instead acknowledged the considerable discretion that a trial court has when making a joinder/misjoinder determination and, in light of that wide latitude, opted not to disturb that particular aspect of the lower court's ruling as part of its mandamus review:

> **We will accept as correct** the trial court's conclusion that the workmen's compensation claim could not be joined with the negligence claims. While the workmen's compensation claims and the negligence claims may have arisen from the same set of operative facts **it may well be** that they did not have common questions of law and fact.

*Jackson*, 485 So. 2d at 1117-18 (emphasis added). Accordingly, Goodyear has not met its onerous

burden of establishing by clear and convincing evidence that Plaintiff's claims against Wackenhut and Goodyear have "no real connection," and Plaintiff's Motion to Remand is due to granted. *Tapscott*, 77 F.3d at 1360.

## IV.   Conclusion

For the reasons stated above, the court finds Goodyear has not met its heavy burden of demonstrating fraudulent joinder, and Plaintiff's Motion to Remand is due to be granted. The court will enter an order, consistent with this Memorandum Opinion, remanding this entire case to the Circuit Court of Etowah County.

**DONE** and **ORDERED** this ___6th___ day of October, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE